# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00274-CV

**Dora Amos and Leo Watson, Appellants**

**v.**

**David Ferretti, Carole Ferretti, and DC Industries, Inc., Appellees**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 02-176-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Ferretti poses the question: "Given that there was a mutual mistake made with respect to the legal description of the Georgetown Property, the issue became: 'what to do about it?'" The parties agree and the district court impliedly found the existence of mutual mistake but the court nevertheless granted Ferretti relief based on Watson's alleged default under the deed of trust. But not just any relief. Although both Watson and Ferretti considered the transaction as memorialized a mistake, and both sought reformation, the court fashioned, and this court endorses, an unusually harsh result. In withholding the correction documents, thereby failing to convey the property he intended to sell, it is clear that Ferretti exercised his right of acceleration, not for the purpose of protecting his debt or preserving the security, but for the purpose of coercing Watson into paying the entire debt or forfeiting his property.

Forfeiture is to be strictly construed. When a forfeiture has been declared in the manner prescribed by the parties to the contract, only then will the court give effect to the contract. Ferretti was not entitled to enforce the promissory note because, *inter alia*, (i) the property tax provisions of the trust deed were vague, (ii) Ferretti waived his claim by failing to timely forward to Watson the tax notices he received as required by law, and (iii) the acceleration provision of the promissory note did not constitute a clear and unequivocal waiver of notice by Watson as required by law. Ferretti was not entitled to enforce the promissory note or deed of trust because he had not performed his own obligations under the real estate contract.

The court awarded Ferretti all principal, interest and costs under the promissory note and deed of trust, and dissolved the injunction against a foreclosure sale. In failing to consider the great disparity between what harm Watson would suffer and Ferretti would gain by acceleration and foreclosure, the court failed to balance the equities, and Ferretti received an unjust windfall. It is axiomatic that equity abhors a forfeiture and will, likewise, avoid an unjust windfall. Because this forfeiture is not the basis of the bargain between the parties, and is particularly harsh and unjust, I dissent.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed: June 23., 2005

2